IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEVIS RANDALL, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-00580-JKP |
| vs. | § § | |
| METHODIST CHILDREN'S HOSPITAL, METHODIST HEALTHCARE, | § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, but order Plaintiff to file a more definite statement.

### **I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff recently lost his job and does not have a current source of income. Plaintiff lists four dependents and is responsible for

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1

contributing $900 per month to their support. Plaintiff has no significant assets or savings and significant debt.

This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant Plaintiff's Motion to Proceed IFP [#1]. Plaintiff is advised, however, that although he has been granted leave to proceed IFP, this Court, may in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994). The Court will therefore order that Plaintiff's Complaint be docketed, but service upon Defendant will be withheld pending this Court's review of the plausibility of Plaintiff's claims under § 1915(e).

## II. More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's proposed Complaint names two Defendants—Methodist Children's Hospital and Methodist Healthcare. (Pl.'s Compl. [#1-1] at 1.) Plaintiff alleges that Defendants harassed, badgered, and removed him from their premises and wrongfully released his minor son from their care to a non-custodial adult. Plaintiff references a letter of apology he received from Defendants but failed to attach the letter to his proposed Complaint as indicated.

---

[2] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP. However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

Aside from listing United States Code Titles 2, 5, 9, 17, 19, 20, 29, and 41, Plaintiff has not specified what causes of action he is attempting to bring against any of the named Defendants. Plaintiff seeks $1 million in damages for his alleged injuries.

Federal courts like this one are courts of limited jurisdiction. This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal statute) or (b) fall under the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. This case does not appear to involve a federal question and to the extent it alleges any claim, the claim would likely arise under state law. For the Court to have jurisdiction over a state-law claim under the Court's diversity jurisdiction, the matter in controversy must exceed $75,000 and be between citizens of different states. *Id.* at § 1332(a). The Court is unable to determine what claims Plaintiff is attempting to bring against the Defendants named in this suit and whether the Court has jurisdiction over such claims. To assist the Court in evaluating its jurisdiction, the Court will instruct Plaintiff to file a More Definite Statement as set forth below.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's pro se Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. Service upon Defendant should be withheld pending this Court's review under § 1915(e).

**IT IS FURTHER ORDERED** that on or before **July 15, 2021**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. Plaintiff is reminded to

3

keep his statement **"short and plain,"** detailing only the facts relevant to his claims. *See* Fed. R. Civ. P. 8(a)(2). In this More Definite Statement, Plaintiff should include the following information:

- The letter of apology he allegedly received from Defendants;

- An explanation of why he believes his removal from Defendants' hospital facility was contrary to law;

- An explanation of why he believes his son's release from the facility was contrary to law and how Defendants' actions harmed Plaintiff and Plaintiff's son.

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this ____ day of _____2021.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**

SIGNED this 24th day of June, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE