IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEVIS RANDALL, | § | |
| | § | |
| *Plaintiff,* | § | SA-21-CV-00580-JKP |
| | § | |
| vs. | § | |
| | § | |
| METHODIST CHILDREN'S HOSPITAL, | § | |
| METHODIST HEALTHCARE, | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e). All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed because Plaintiff has failed to establish that this Court has subject matter jurisdiction over his Complaint.

## I. Procedural Background

Plaintiff Tevis Randall filed this case on June 17, 2021, against Defendants Methodist Children's Hospital and Methodist Healthcare by requesting leave to proceed *in forma pauperis* in this matter. The Court granted Plaintiff's motion and waived the filing fee associated with this case but, due to certain defects identified in his Complaint, ordered the filing of a More Definite Statement before directing service of the Complaint on Defendants.

Plaintiff's More Definite Statement was originally due on July 15, 2021. However, the Court's Order for a More Definite Statement was returned as undeliverable with no forwarding address for Plaintiff. On July 9, 2021, Plaintiff provided the Court with a new address, and the Court issued a new Order for a More Definite Statement with an August 17, 2021 deadline. Plaintiff filed his More Definite Statement on August 5, 2021 [#9].

## II. Analysis

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1] *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint alleges that Defendants harassed, badgered, and removed him from their premises and wrongfully released his minor son from their care to a non-custodial adult. (Compl. [#4].) The Complaint references a letter of apology Plaintiff allegedly received from Defendants, but Plaintiff failed to attach the letter to his proposed Complaint. Aside from listing United States Code Titles 2, 5, 9, 17, 19, 20, 29, and 41, Plaintiff's Complaint does not specify what causes of action he is attempting to bring against any of the named Defendants. Plaintiff seeks $1 million in damages for his alleged injuries.

Plaintiff's More Definite Statement contains a single paragraph, the entirety of which states the following:

> The removal of myself from the facility placed my son at great risk. He was sedated and heavily medicated, also completely unaware of his

---

[1] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

surroundings.  Once I was removed it initiated what would be a lapse in proper supervision and protection from his guardian during a time when he was most vulnerable.  I have attached the letters received from the defendant.

(More Definite Statement [#9], at 2.)

A letter dated January 10, 2020, addressed to Plaintiff from Rose Patten, Patient Safety Manager for Methodist Children's Hospital, is attached to Plaintiff's More Definite Statement. (Ltr. [#9], at 3.)  The letter thanks Plaintiff for sharing his concerns about his experience at Methodist Children's Hospital on December 12, 2019.  The letter further states that upon receipt of Plaintiff's concerns, "a team comprised of Hospital Administrators and Leadership from the Children's Surgical Department reviewed [J.T.'s] medical record with [the hospital's] Patient Safety Department."  The letter notes that J.T. presented to the Children's Hospital seeking treatment for a left knee arthroscopic ligament reconstruction, then acknowledges that Plaintiff felt badgered by the hospital's security officers and that there may have been some miscommunication regarding J.T.'s discharge from the hospital into the care of his mother.  The letter apologizes for these issues and indicates that Plaintiff's concerns were shared with the Director of Security and that the leadership team has found opportunities for improvement related to communication.

The undersigned has reviewed Plaintiff's Complaint and More Definite Statement and concludes that Plaintiff's case should be dismissed for lack of subject matter jurisdiction. Federal courts like this one are courts of limited jurisdiction.  This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal statute) or (b) fall under the Court's diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  For the Court to have jurisdiction over a state-law

claim under the Court's diversity jurisdiction, the matter in controversy must exceed $75,000 and be between citizens of different states. *Id.* at § 1332(a).

Although Plaintiff's Complaint lists several titles of the United States Code (Titles 2, 5, 9, 17, 19, 20, 29, and 41), Plaintiff's Complaint does not explain which specific sections of the United States Code or what federal law Plaintiff believes Defendants to have violated during his son's discharge process.  In an attempt to ascertain whether this Court has subject matter jurisdiction over Plaintiff's Complaint, the Court ordered Plaintiff to explain why he believes his removal from Defendants' hospital facility was contrary to federal law and his son's release from the facility violated federal law.  Plaintiff's More Definite Statement simply states that his son was at great risk at the time of Plaintiff's removal and his discharge.  The Court is not aware of any federal statute implicated by these allegations.  The Court therefore lacks federal subject matter jurisdiction over Plaintiff's Complaint.

Any state law claim arising from the facts contained in Plaintiff's Complaint and More Definite Statement does not fall under this Court's diversity jurisdiction because Plaintiff, who has provided the Court with multiple Texas mailing addresses, has not established that there is complete diversity of citizenship between himself and Defendants or that the minimum amount in controversy has been satisfied.  The District Court should therefore dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e).

### III.  Conclusion and Recommendation

Having considered Plaintiff's Complaint and More Definite Statement under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's claims be **DISMISSED**.

## IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of August, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE